**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**


**MICHAEL D. TAYLOR**                                                                    **PLAINTIFF**

**v.**                                                                              **No. 2:09-CV-146-B-A**

**PIZZA HUT**                                                                           **DEFENDANT**


## MEMORANDUM OPINION

Defendant NPC International, Inc.'s Motion for Summary Judgment is before the court. After the undersigned extended plaintiff's deadline to file a response and proper summary judgment evidence in opposition to Defendant's Motion for Summary Judgment, the plaintiff responded to the motion, and the matter is now ripe for review. After considering the motions, responses, exhibits, and supporting and opposing authority, the court rules as follows:

### Factual and Procedural Background

On July 7, 2009, plaintiff Michael Taylor filed suit for employment discrimination under Title VII of the Civil Rights Act of 1964 against defendant Pizza Hut[1]. The plaintiff, an African-American male, began his employment with Pizza Hut in 2005 and worked as an assistant manager with the company's Olive Branch, Mississippi, location at the time of his termination on June 18, 2008. The plaintiff alleges racial discrimination and contends that his superior, Mr. Long, made racist comments and told racist stories. According to the plaintiff, problems with fellow employees culminated in his termination based on a false statement that he was asleep on the job.

---

[1] Defendant NPC International, Inc., as franchisee of Pizza Hut, is the correct legal entity in this matter.

The plaintiff filed a complaint with the Equal Employment Opportunity Commission and was ultimately issued a right-to-sue letter. The defendant now moves for summary judgment because plaintiff has failed to establish a prima facie case of race discrimination, and defendant has produced legitimate, nondiscriminatory reasons for plaintiff's termination. According to the defendant, plaintiff was terminated because "(1) Plaintiff was heard by an hourly employee, an Assistant Manager and a customer using profanity, (2) the number of complaints on Plaintiff's shift had increased, (3) his tardiness had been addressed with Plaintiff but to no avail, and (4) Plaintiff went to the dining area to sleep while other employees were working."

The defendant requests that the court not consider the plaintiff's response because his statement is unsworn, and his attachments were not properly authenticated. The plaintiff is proceeding *pro se* and must, like all other parties, abide by the Federal Rules of Civil Procedure. *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994). However, because a *pro se* litigant's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court has considered the entire record evidence, including plaintiff's response to defendant's summary judgment motion.[2]

<u>Standard of Review</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the initial burden of showing the

---

[2]Although plaintiff titled his response to Defendant's Motion for Summary Judgment "Plaintiff's Response to Allegations Leading to His Termination from Pizza Hut," the court will consider it a response to the defendant's summary judgment motion.

absence of a genuine issue of material fact and "must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

<u>Discussion</u>

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race...." 42 U.S.C. § 2000e-2(a)(1). In the absence of direct evidence of discrimination, Title

VII disparate-treatment claims are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under *McDonnell Douglas*, the plaintiff in a Title VII action carries "the initial burden under the statute of establishing a prima facie case of racial discrimination." *McDonnell Douglas*, 411 U.S. at 802, 935 S. Ct. at 1824. If the plaintiff meets this burden, a presumption of discrimination arises, and the employer must proffer a legitimate, non-discriminatory reason for its actions or decisions. *Id.* If the employer is able to do so, the burden shifts back to the plaintiff, who must prove at "'a new level of specificity' that the reasons articulated by the employer are not true reasons but only pretexts." *Thornbrough v. Columbus & Greenville R.R.*, 760 F.2d 633, 639 (5th Cir.1985), quoting *United States Postal Service Board of Governors v. Aikens*, 450 U.S. 248, 253-54, 101 S. Ct. 1089, 1093-94, 67 L. Ed. 2d 207 (1981).

"Although the *McDonnell Douglas* framework shifts the burden of production between the plaintiff and the defendant, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Pierce v. Texas Department of Transportation*, No. 3:01CV2098-AH, 2002 WL 31757635, at *3 (N.D. Tex. Dec. 4, 2002), quoting *Texas Deptartment of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207 (1981).

The record does not contain direct evidence of discrimination. Therefore, in order to establish a prima facie case of employment discrimination and overcome a motion for summary judgment on his Title VII claim, the plaintiff "must establish that he (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class or, in the case of disparate

treatment, show that other similarly situated employees were treated more favorably." *Bryan v. McKinsey and Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004). The necessary elements of a prima facie case are not inflexible. Rather, they vary depending upon the facts of the particular case. *Thornbrough v. Columbus & Greenville R.R.*, 760 F.2d 633, 641 (5th Cir.1985).

It is not disputed that the plaintiff in this case was discharged and, as an African-American, is a member of a protected class. Therefore, the first and the third elements are clearly established. A determination regarding the second element – whether the plaintiff is qualified for the position – is not necessary because the plaintiff failed to demonstrate the fourth element, that he was replaced by someone outside the protected class or that other similarly situated employees were treated more favorably.

Because the defendant hired someone in the plaintiff's protected class to replace him as Assistant Manager at the Olive Branch, Mississippi, location,[3] the plaintiff must demonstrate disparate treatment by establishing "that the employer gave preferential treatment to another employee under nearly identical circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees." *Okoye v. Univ. of Texas Houston Health Science*, 245 F.3d 507, 514 (5th Cir. 2001). The plaintiff compares his termination to an incident involving a white female assistant manager who violated a cash handling policy. The employee was issued a written reprimand for the first violation and was discharged for the second similar violation.

---

[3]The defendant offered evidence in the form of an affidavit from the Restaurant Manger, Paul Long, that it hired an African-American to replace the plaintiff as Assistant Manager at the Olive Branch, Mississippi, location.

Although the plaintiff received a written reprimand on April 2, 2008, because his register came up $44.00 short, the record does not contain any evidence of a second violation for this type of offense, and the plaintiff was not fired on the basis of this reprimand. Therefore, these two incidents are not comparable as "nearly identical" circumstances.[4]

The plaintiff further alleges that "[e]mployees who have cursed on the job are still employed" and that "[e]ven an employee who threaten[ed] violence in the workplace remained employed at Pizza Hut." However, the plaintiff did not provide any evidence that these employees were outside his protected class or that the circumstances were similar. Bare allegations of racial discrimination are too speculative to create a jury question. *Swanson v. General Services Administration*, 110 F.3d 1180, 1186 (5th Cir.1997). Accordingly, the undersigned finds that the plaintiff failed to demonstrate a prima facie case of racial discrimination, and summary judgment should be granted.

The plaintiff further alleges that his supervisor, Mr. Long, used racial "intimidation tactics," including a racial comment ["He said I was not in the hood and I needed to stop acting like it."] and a racially insensitive story ["He said he had a black friend with long hair. Some white guys came to him (Mr. Long) and jumped him because he was friends with the black boy.

---

[4]In order to show discrimination, the Fifth Circuit requires the instances being compared be "nearly identical." For example, in *Bryant v. Compass Group USA, Inc.*, 413 F.3d 471 (5th Cir. 2005), the court reversed judgment for a Title VII plaintiff, finding that he failed to show that an employee outside the protected class had been treated more favorably under nearly identical circumstances. The plaintiff, a white cook at a catering company, was terminated after a police officer reported that he had confessed to stealing checks and cash from a party catered by his employer. *Bryant*, 413 F.3d at 474. The employee argued that a Hispanic employee had not been terminated after allegations arose that she too had stolen from a company event. *Id.* at 478. The Fifth Circuit held that the two incidents were too dissimilar to show discrimination. *Id.* While the court found that a reasonable jury could conclude that the plaintiff and the Hispanic employee were "similarly situated" low level hourly employees, the Hispanic employee's alleged theft of alcohol and party decorations "is not the same as stealing money from a client's gift table at a catered event." *Id.*

He said he learned a lesson.  One, not to have long hair, and second, not to have a black friend."]

The plaintiff claims that this behavior resulted in him being "uncomfortable, stress[ed] and scared

to go to work."  The court finds that the racial comment and story by the plaintiff's superior,

while certainly offensive, do not amount to Title VII violations.  "[R]acial comments that are

sporadic or part of casual conversation do not violate Title VII, and conduct that is not severe or

pervasive enough to create an objectively hostile or abusive work environment – an environment

that a reasonable person would find hostile or abusive – is beyond Title VII's purview."

*McDonald v. Southern Diversified Indus., Inc.*, No. 1:02CV186-D-D, 2003 WL 22244321, at *5

(N.D. Miss. Aug. 5, 2003).

It is not necessary for the court to examine the next step in the *McDonnell Douglas*

process – the defendant's burden of proffering a legitimate, non-discriminatory reason for the

termination – because the plaintiff was not able to set forth all four elements of a prima facie case.

Nevertheless, the court notes that the plaintiff did not provide any direct or circumstantial

evidence of race discrimination, and the defendant demonstrated a history of documented

performance issues.[5]  Therefore, no reasonable jury could determine that the defendant's reason

for the plaintiff's termination was pretextual and, even if the court found that the plaintiff had

established a prima facie case, the defendant would still be entitled to judgment as a matter of

law.

---

[5]Plaintiff received written warnings for (1) an increase in the cost of sales on August 30, 2006, (2)
employees not discarding old dough on January 4, 2008, (3) being $44 short at a register, and (4) an
altercation with a delivery driver.  The plaintiff also received a "Below Expectation" rating on a
performance evaluation dated January 20, 2008.

<u>Conclusion</u>

For the foregoing reasons, the court finds that the plaintiff failed to demonstrate that there is a genuine issue of material fact to be resolved in this case, and the defendant is entitled to summary judgment. A separate order in accord with this opinion will issue this day.

This, the 11th day of January, 2011.

*/s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**